Lawrence G. **SCHNEIDER**

v.

**UNITED STATES of America.**

**No. C.A. 99–159–T.**
**Cr. No. 94–093–01B.**

United States District Court,
D.Rhode Island.

June 23, 2000.

---

**14.** Civil no. 97–2519(HL), docket no. 15.

Lawrence G. Schneider, East Greenwich, RI, pro se.

Richard W. Rose, Asst. U.S. Atty., Providence, RI, for U.S.

## MEMORANDUM AND ORDER

TORRES, Chief Judge.

Lawrence G. Schneider has moved to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied.

### Background

In December 1994, Schneider was indicted on nine counts of wire and mail fraud, violations of 18 U.S.C. §§ 2, 1341 and 1343, stemming from his purchases of merchandise on credit for which he did not pay and later resold.

In May 1995, a jury acquitted Schneider on one count but a mistrial was declared on the remaining counts when the jury was unable to reach a verdict. In October 1995, Schneider was retried and convicted on the remaining eight counts.

In March 1996, Judge Boyle imposed concurrent sentences of 33-months imprisonment and three years of supervised release on each count. Schneider was also ordered to make restitution totaling $221,603.88 and to pay a $400.00 special assessment.

Schneider appealed and, on April 17, 1997, his conviction and sentence were affirmed. *United States v. Schneider,* 111 F.3d 197 (1st Cir.1997). Schneider's petition for a rehearing *en banc* was denied by the First Circuit on May 8, 1997, and its mandate issued on May 16, 1997. Schneider did not seek certiorari from the Supreme Court.

In April 1998, the government filed a motion to reduce sentence, pursuant to Fed.R.Crim.P. 35(b), on the grounds that Schneider had provided substantial post-sentencing assistance to the government in the prosecution and conviction of William V. Devine, Jr. Devine had been co-counsel for Schneider during both district court trials and, later, pled guilty to charges of conspiring to receive stolen property and receiving stolen property, arising out of his role in purchasing and arranging for the purchase of merchandise obtained by Schneider. It was not until after his direct appeal was denied that Schneider revealed Devine's role in the scheme.

On July 13, 1998, this Court granted the government's Rule 35 motion and reduced Schneider's sentence from 33 to 27 months' imprisonment. An amended judgment reflecting the reduced sentence was entered on August 5, 1998.

On March 31, 1999, within one year of the reduction in sentence, but more than one year after the First Circuit's denial of

his appeal and the expiration of the time for seeking certiorari from the Supreme Court, Schneider filed the instant motion pursuant to 28 U.S.C. § 2255.

## Discussion

Schneider makes three arguments in support of his § 2255 motion: (1) That Devine's criminal activity created a conflict of interest that deprived Schneider of effective assistance of counsel. (2) That his lead counsel, Attorney Robert Mann, also was ineffective because Mann, too, failed to provide conflict-free representation, inasmuch as Mann was subject to Devine's influence.[1] (3) That Mann and Devine were ineffective because they failed to seek a downward departure at sentencing based upon Schneider's allegedly diminished mental capacity.

### I. Timeliness

■ Subject to exceptions that are not applicable here, § 2255 requires that motions to vacate, set aside, or correct sentence be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1).

Under 18 U.S.C. § 3582, the possibility that a conviction, later, may be modified does not deprive it of finality. Section 3582 provides in pertinent part:

**(b) Effect of finality of judgment.-** Notwithstanding the fact that a sentence to imprisonment can subsequently be-

(1) modified pursuant to the provisions of subsection (c);

(2) Corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Nor is there any reason to lengthen the time for challenging a conviction when the sentence, later, is reduced.

In cases where certiorari was not sought, the circuits are divided regarding when a conviction becomes "final" within the meaning of § 2255. The most liberal interpretation is that a conviction does not become final until the time for filing a petition for writ of certiorari has expired. See United States v. Burch, 202 F.3d 1274 (10th Cir.2000); Kapral v. United States, 166 F.3d 565 (3d Cir.1999). But see Gendron v. United States, 154 F.3d 672 (7th Cir.1998) (holding that when certiorari has not been sought, conviction becomes "final" for purposes of § 2255 when court of appeals issues its mandate in the direct criminal appeal). The First Circuit has not addressed this issue.

Since Schneider's application for rehearing was denied on May 8, 1997, he had until August 7, 1997, to petition the Supreme Court for a writ of certiorari.[2] Therefore, even applying the most generous standard employed in Burch and Kapral, Schneider was required to file his § 2255 motion by August 7, 1998. Since the motion was not filed until March 31, 1999, nearly 8 months after the deadline, the motion is time barred.

### II. The Ineffective Assistance of Counsel Claims

■ Even if Schneider's petition were timely, he is precluded from pursuing his claims. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90

---

1. Mann also represented Schneider on appeal. There is no indication whether Devine played any role in the appeal.

2. Schneider had 90 days from the date of issuance of the court of appeals' order denying his petition for rehearing in which to file a petition for a writ of certiorari. See Sup.Ct. R. 13(1) and (3).

S.Ct. 1441, 25 L.Ed.2d 763 (1970)). The right to counsel includes the right to conflict-free representation. *Glasser v. United States,* 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ Schneider did not raise his ineffective assistance of counsel claims at trial or on appeal. Generally, a defendant who failed to raise a constitutional issue on direct appeal is procedurally precluded from raising the issue in a § 2255 motion absent a showing of "cause" for the failure and "actual prejudice". *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) (*citing Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). However, most claims of ineffective assistance are not subject to the "cause" and "prejudice" requirement because a lay defendant is dependent upon his counsel; and, ordinarily would have neither the capacity to recognize counsel's deficiencies nor the opportunity to assert them. *Id.* (*citing Brien v. United States,* 695 F.2d 10 (1st Cir.1982)).

Nevertheless, the First Circuit has recognized that there may be rare cases in which the "cause" and "actual prejudice" standard is applicable to ineffective assistance claims. *Id.* at 14 n. 6. This is one of those cases because, unlike the typical case in which the defendant is unaware of counsel's conflict, Schneider created the "conflict" about which he now complains by choosing to retain Devine as co-counsel despite knowing all the relevant facts and by failing to apprise the Court of the conflict. It was only after his appeal had been denied that Schneider raised the issue.

Under these circumstances, Schneider is required to show cause for his failure to raise the issue; and, since no such showing has been made, he is procedurally barred from pursuing the conflict claims in his § 2255 petition. At the very least, Schneider has waived his right to assert Devine's conflict as a ground for seeking § 2255 relief. *See Solina v. United States,* 709 F.2d 160, 167 n. 9 (distinguishing, on the ground of waiver, cases in which a

defendant knew of the facts on which his claim of ineffective assistance was based). *See also United States v. Saccoccia,* 58 F.3d 754, 772 (1st Cir.1995) (while noting that defendant had made an express waiver of his right to conflict-free counsel, the court stated that: "[w]hen a defendant knowingly selects a course of action, fully cognizant of its perils, he cannot later repudiate it simply because his case curdles").

Schneider's claims also lack merit. In order to prevail, Schneider must demonstrate that there was an actual conflict of interest that adversely affected counsels' performance. *Familia–Consoro v. United States,* 160 F.3d 761, 764 (1st Cir.1998) (*quoting Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)).

■ In order to establish that counsel's performance was adversely affected by a conflict of interest, a defendant must "show that (1) the attorney could have pursued a plausible alternative defense strategy and (2) the alternative trial tactic was inherently in conflict with or not pursued due to the attorney's other loyalties or interests." *Familia–Consoro,* 160 F.3d at 764 (*citing Bucuvalas v. United States,* 98 F.3d 652, 656 (1st Cir.1996)).

In egregious cases where the defendant is unaware of the alleged conflict and the conflict is related to counsel's own criminal conduct, some courts have found *per se* Sixth Amendment violations. Typically, such cases involve situations in which an attorney has failed to divulge a conflict arising from his own criminal conduct. *Id.* at 766. *See Solina v. United States,* 709 F.2d 160 (2d Cir.1983) (*per se* violation occurred when an unknowing criminal defendant had been represented by an "attorney" who was not licensed to practice law); *United States v. Cancilla,* 725 F.2d 867 (2nd Cir.1984) (*per se* violation where, unknown to his client, defense attorney, acting in concert with the same co-conspirator, had committed crimes similar to those with which defendant was charged

because, in such circumstances, defense counsel must have known that a vigorous defense could lead to discovery of counsel's own criminality). However, the *per se* rule does not apply here because Schneider was fully aware of the conduct on which his claim is based. *See Solina, supra.* Indeed, he participated in that conduct.

█ Since there is no *per se* Sixth Amendment violation, Schneider must demonstrate that Devine's conflict actually and adversely affected the representation that he received. However, Schneider is unable to make that showing because his lead attorney was Mr. Mann and there is no indication that Mann had any conflict. *See United States v. Saccoccia*, 58 F.3d 754, 772 (1st Cir.1995).

Schneider attempts to get around the absence of any conflict on Mann's part by asserting that Mann may have been influenced in some unspecified way by Devine. But, Schneider has failed to present even a scintilla of evidence to support such speculation. On the contrary, Schneider does not even claim to have advised Mann of Devine's complicity and he concedes that there is no evidence that Mann knew of Devine's involvement.

█ Schneider alleges that Mann's performance was deficient because Mann advised him against cooperating with federal authorities. According to Schneider, cooperation "may" have resulted in a shorter sentence. Schneider also alleges that both Mann and Devine were ineffective because they failed to seek a downward departure at sentencing for what Schneider claims was his diminished mental capacity.

In order to establish ineffective assistance, a defendant must show: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that he was prejudiced as a result of the attorney's error. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052. Schneider has failed to do either.

Mann's alleged advice clearly was not unreasonable in light of the fact that, in Schneider's first trial he had been acquitted on one count and the jury had deadlocked on the eight other charges. Nor has Schneider presented any evidence supporting his claim of diminished capacity or indicating a likelihood that it would have been viewed by the sentencing court as a ground for a downward departure. In short, Schneider has failed to demonstrate that counsels' performance was deficient or that he was prejudiced by that performance.

### III. *Conclusion*

For all of the foregoing reasons, the petitioner's motion to vacate, set aside or correct sentence is denied.

IT IS SO ORDERED.