**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

GERALD EUGENE SMITH,

　　　　Defendant - Appelant.

No. 02-1499
(D.C. Nos. 02-N-1951 &
98-CR-434-N)
(D. Colorado)

**ORDER**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.


　　　Gerald Eugene Smith, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) so that he may appeal the district court's denial

of his 28 U.S.C. § 2255 motion to vacate, set aside, or modify his sentence.  Mr.

Smith also seeks to proceed in forma pauperis (IFP) in this appeal.  We conclude

for substantially the same reasons as the district court that Mr. Smith's petition is

untimely.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of unpublished orders; nevertheless, this order may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Mr. Smith pleaded guilty in the United States District Court for the District of Colorado to three counts of armed bank robbery and one count of possession or use of a firearm in connection with a crime of violence. The district court entered his convictions on May 25, 1999. Mr. Smith did not file a direct appeal of his convictions. He filed the instant § 2255 motion on October 11, 2002.

The limitations period established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) required Mr. Smith to file his § 2255 motion within a year of the date on which his convictions became final. See 28 U.S.C. § 2255(1). As the district court observed, Mr. Smith's conviction became final on June 4, 1999, when the time for filing a notice of appeal of his convictions expired. See United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000) (holding that "for purposes of determining when the limitations period in 28 U.S.C. § 2255(1) begins to run if a defendant does not petition the United States Supreme Court for a writ of certiorari after her direct appeal, her judgment of conviction is final after the time for seeking certiorari review has expired"); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ( holding that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired"); Fed. R. App. P. 4(b)(1)(A) (requiring a notice of appeal to be filed within ten days of the entry of

the judgment of conviction).  Accordingly, Mr. Smith had until June 4, 2000 to timely file a § 2255 motion challenging his convictions.      See United States v. Hurst, no. 01-7057, 2003 WL 1439621, at *3 (10th Cir. Mar 21, 2003) (holding that "[a] motion presented to the court on the anniversary date of a triggering event is within the '1-year period of limitation' set out in § 2255").  However, Mr. Smith did not file his § 2255 motion until October 11, 2002—more than two years after the limitations period expired.

Although we have held that this limitations period may be equitably tolled in certain limited circumstances, the facts of this case do not warrant such equitable tolling.   See Marsh v. Soares  , 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Accordingly, Mr. Smith has failed    to make either a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," McIntosh v. United States Parole Comm'n    , 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).  For substantially the same reasons as set forth

in the district court's order, we therefore DENY Mr. Smith's application for a

COA, DENY his motion to proceed IFP, and DISMISS this appeal.


Entered for the Court,


Robert H. Henry
Circuit Judge