F I L E D
**United States Court of Appeals
Tenth Circuit**

**July 20, 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE MERCED TALAMANTES-
ALDRETE,

    Defendant-Appellant.

No. 04-1457
(D. Colorado)
(D.Ct. No. 04-M-2135)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On January 6, 2003, Jose Merced Talamantes-Aldrete was indicted in the

United States District Court for the District of Colorado for illegal reentry after

deportation subsequent to an aggravated felony conviction (possession of cocaine)

in violation of 8 U.S.C. § 1326(a) and (b)(2). Talamantes-Aldrete entered into a

plea agreement with the United States. In the plea agreement, Talamantes-Aldrete stipulated to the facts underlying the charge and was notified that the possible sentencing range was twenty-four to sixty-three months imprisonment based on a twelve level increase to his base offense level for his prior felony drug conviction. *See* U.S.S.G. §2L1.2(b)(1)(B) (providing for a twelve level increase to the base offense level if the defendant was previously deported after a conviction for a felony drug trafficking offense). On March 6, 2003, in his statement in advance of plea of guilty, Talamantes-Aldrete waived his right to a jury trial and to appellate review of his conviction, but specifically reserved the right to appeal "the question of whether a proper sentence was imposed." (R. Doc. 18 at 4.) On June 12, 2003, Talamantes-Aldrete was sentenced to thirty-seven months imprisonment and two years supervised release. Judgment was entered on June 13, 2003. He did not file a direct appeal of his sentence.

On October 14, 2004, Talamantes-Aldrete filed a *pro se*[1] 28 U.S.C. § 2255 motion. In his § 2255 motion, Talamantes-Aldrete alleged his counsel was ineffective for failing to advise him of his Sixth Amendment right to have all aggravating sentencing facts found by a jury pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 540 U.S. 965, 124 S.Ct. 2531

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

(2004). He also claimed he was sentenced in violation of *Apprendi* and *Blakely* because the district court enhanced his sentence based on his prior drug conviction. The district court denied his motion on October 15, 2004. On October 24, 2004, Talamantes-Aldrete filed a notice of appeal, which the district court construed as a request for a certificate of appealability (COA) and denied on November 1, 2004. On November 24, 2004, Talamantes-Aldrete filed a request for a COA in this Court. In his request, Talamantes-Aldrete again argues his counsel was ineffective and that his sentence was impermissibly enhanced based on his prior drug conviction.

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). One may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 336. The petitioner must demonstrate that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In reviewing for a COA, we are forbidden from giving full consideration to the factual or legal bases urged in support of the claims. *Id*. at 336. To the contrary, we preview the claims and make a general assessment of their merit. *Id.* Although a petitioner, in requesting a COA, is not required to prove the merits of the case, the threshold of proof is higher than good faith or lack of frivolity. *Id.*

at 338.

We easily dispose of Talamantes-Aldrete's *Apprendi* and *Blakely* claims, which we also analyze under the Supreme Court's recent decision in *United States v. Booker*, 125 S.Ct. 738 (2005). *Apprendi*, *Blakely*, and *Booker* specifically exempted prior convictions from the requirement that any fact that increases a sentence beyond the statutory maximum must be proved to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490; *Blakely*, 124 S. Ct. at 2536-37; *Booker*, 125 S.Ct. at 756. In addition, Talamantes-Aldrete stipulated to the facts underlying his charge, including his prior conviction for the possession of cocaine. As such, there was no judicial fact-finding at his sentencing implicating his Sixth Amendment rights. *Booker*, 125 S.Ct. at 756*; United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) ("The Sixth Amendment rule announced in *Apprendi*, and extended to the Guidelines in *Booker* is inapplicable where a sentence is determined based on admitted facts.") (internal citations omitted).

Additionally, *Blakely* and *Booker* do not retroactively apply to cases on collateral review. *United States v. Bellamy*, -- F.3d –, No. 04-5145, 2005 WL 1406176 at * 4 (10th Cir. June 16, 2005) (stating that inasmuch as *Booker* merely extended *Blakely* to invalidate the mandatory provisions of the federal sentencing guidelines, it too is not retroactively applicable to cases on collateral review); *United States v. Price,* 400 F.3d 844, 849 (10th Cir. 2005) ("*Blakely* does not

apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."). Talamantes-Aldrete's conviction was final prior to the decision in *Blakely*,[2] and therefore neither *Blakely* nor *Booker* apply to his conviction.

Lastly, Talamantes-Aldrete's ineffective assistance claim is without merit. Counsel is not ineffective for failing to advance a futile argument. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994).

Based on the foregoing, there can be no debate as to the district court's resolution of Talamantes-Aldrete's claim. Accordingly, we **DENY** Talamantes-Aldrete's request for a COA and **DISMISS** the appeal.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

---

[2] A conviction is final under § 2255 either at the conclusion of direct appeal or the expiration of time for seeking such review. *United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000). Under FED. R. APP. P. 4(b)(1)(A)(i), Talamantes-Aldrete had ten days to appeal from the entry of his judgment on the criminal docket on June 13, 2003. *See* FED. R. APP. P. 4(b)(6) (defining "entry" in criminal cases as the entry of the judgment or order on the criminal docket). FED. R. APP. P. 26(a)(2) requires the exclusion of intermediate Saturdays, Sundays and legal holidays when computing a time period under the rules if the period is less than eleven days. Under this provision, the last day to file an appeal would have been June 27, 2003. Thus, Talamantes-Aldrete's conviction became final on June 28, 2003, when the ten day period had elapsed without an appeal.