**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HAROLD WELLS,

    Defendant - Appellant.

No. 18-5048
(D.C. Nos. 4:18-CV-00217-JED-JFJ and
4:10-CR-00116-JED-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Pro se prisoner Harold Wells seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255.") We deny the request for a COA and dismiss this matter.

Wells is a former officer of the Tulsa Police Department. In 2010, he and two other officers were indicted by a grand jury in the Northern District of Oklahoma on multiple charges related to their official duties. Following a jury trial, he was

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convicted on four counts (two for violating federal drug laws, and two for theft of government funds). On December 8, 2011, Wells was sentenced to a total term of 120 months imprisonment on the four counts. This court affirmed his conviction on January 3, 2014, and the Supreme Court denied Wells' petition for certiorari on October 6, 2014.

Wells filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the district court on April 20, 2018.[1] In the motion, he argued that Amendment 794 to the United States Sentencing Guidelines should be applied retroactively to vacate, set aside, or correct his sentence. Amendment 794 clarified the minor role reduction found in U.S. Sentencing Guidelines Manual § 3B1.2. Wells contends that Amendment 794 was not known to the public until it was promulgated on November 15, 2015. The district court determined the motion was untimely under § 2255(f)(1), and that Amendment 794 cannot be applied retroactively. Thereafter the district court entered judgment for the United States and declined to issue a COA to Wells. Wells timely appealed.

Although the court construes Wells' pro se filings liberally, *see Odgen v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994), his request for a certificate of appealability must be denied. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show that the district court's resolution was either

---

[1] Wells previously filed a motion to reduce his sentence under Federal Rule of Criminal Procedure 35(b)(2)(C) on May 5, 2015. App. 27. The district court denied his motion on December 13, 2017. *Id.*

"debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this context, Wells must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (internal quotation marks omitted).

After examining the record on appeal and Wells' application for the COA, we conclude that Wells has not met his burden. A one-year period of limitation applies to motions filed under § 2255. This period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). A conviction is final once appeals are exhausted and the time to file a petition for certiorari has lapsed or such a petition is denied. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). In this case, Wells' conviction became final on October 6, 2014. *See United States v. Wells*, 739 F.3d 511 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 73 (2014). Therefore, under § 2255(f)(1), the limitation period

3

expired on October 6, 2015. Nonetheless, Wells contends that the limitation period should restart under § 2255(f)(4), seemingly because the promulgation of Amendment 794 is a new "fact" under that section.

Even accepting this theory that the limitation period should begin on the date Amendment 794 was promulgated, Wells' motion is still untimely. In such a scenario the one-year limitation period expired on November 15, 2016, and his motion was filed nearly a year and a half later on April 20, 2018. Further, Wells has not argued for a basis to equitably toll the limitations period, and none appears in the record.

Therefore, Wells' request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge