**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID W. TUNGET,

    Defendant - Appellant.

No. 18-1292
(D.C. Nos. 1:17-CV-02044-PAB &
1:10-CR-00458-PAB-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

David Tunget, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's denial of his motion under

28 U.S.C § 2255 to vacate, set aside, or correct his sentence.  He also seeks leave to

proceed in forma pauperis (IFP).  Exercising jurisdiction under 28 U.S.C. § 1291, we

deny his requests for a COA and to proceed IFP and dismiss this matter.

**BACKGROUND**

In November 2010, Tunget pleaded guilty to one count of possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  The district court

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced him to 188 months in prison and entered judgment of conviction on March 16, 2011. Tunget did not appeal.

More than four years later, in August 2015, Tunget filed a motion to reopen his case under Fed. R. Civ. P. 60(b)(6), asserting prosecutorial misconduct, ineffective assistance of counsel, improper application of sentencing enhancements, and other grounds for relief. Tunget also alleged equitable tolling applied to these claims because he had suffered almost two years of mental confusion and other symptoms of withdrawal from Xanax after prison officials discontinued his prescription to the medication when he entered prison. The district court dismissed Tunget's motion for lack of jurisdiction. In so doing, it declined to recharacterize it as a motion for relief under § 2255, noting such a motion would, at least facially, be time-barred under § 2255(f)'s one-year statute of limitations.

Meanwhile, in July 2013, Tunget wrote the attorney who had represented him during plea negotiations and sentencing, asking that she send him specified court records and "[a]ny other records which may be of aid to me in my pursuit of a just sentence reduction." Supp. R. at 122. She did not respond, and Tunget made no further attempt to obtain records relating to his case until September 2015, shortly after his failed motion to reopen, when he alleges he sent his former attorney a letter requesting his case file. Tunget reports this letter was returned as undeliverable, but the record shows he reached his attorney by letter later that year and requested a copy of his case file. This time Tunget persisted in his efforts, but after numerous delays his attorney reported she could not locate his case file. By this time the district court had appointed counsel to help

2

Tunget secure his case file, and newly appointed counsel was able to obtain the court records, discovery, and presentence reports for his case from the U.S. Attorney's office. She sent these materials to Tunget in May 2017.

On August 24, 2017, Tunget filed his § 2255 motion, asserting three grounds for relief from his sentence: ineffective assistance of counsel, prosecutorial misconduct, and errors by the district court in applying several sentencing enhancements. He also argued in a separate motion that he was entitled to equitable tolling of the one-year statute of limitations to bring a § 2255 motion as a result of his Xanax withdrawal and his attorney's failure to produce his case file. The district court denied the latter motion, holding Tunget was not entitled to equitable tolling because he had not diligently pursued his claims. The court further denied Tunget's § 2255 motion as untimely, and denied a COA. This appeal followed.

**DISCUSSION**

Before he may appeal, Tunget must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, Tunget must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where a district court denies the petitioner's claims on procedural grounds, as was the case here, this requires two showings: that reasonable jurists would debate (1) whether the applicant's motion "states a valid claim of the denial of a constitutional right," and (2) "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Tunget argues reasonable jurists would find his constitutional claims to be at least

3

debatable, but we need not reach this issue because reasonable jurists could not debate that the district court correctly held his § 2255 motion was untimely.[1]

A defendant ordinarily must file a § 2255 motion within one year of the date his conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Tunget's conviction became final on March 30, 2011, when the fourteen-day period for filing a direct appeal expired. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000) (explaining conviction is final under § 2255 when appeal is no longer available); Fed. R. App. P. 4(b) (stating deadline for notice of appeal). Tunget's motion was untimely under § 2255(f)(1) because it was filed more than five years after this date.

The district court also considered whether Tunget's motion might be timely under § 2255(f)(4), based on his insistence that he could not bring his § 2255 motion until he received his case file from his former attorney.[2] Section 2255(f)(4) provides a § 2255 motion can be brought within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

---

[1] Because Tunget is acting pro se, we construe his filings liberally, but do not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The district court was skeptical of this assertion for several reasons, including that information in his attorney's case file was not relevant to Tunget's prosecutorial misconduct and sentencing enhancement claims or essential to the specific ineffective assistance of counsel claims he asserted, as evidenced by his ability to present these claims in his § 2255 motion without having reviewed his attorney's case file. The district court further noted there is authority suggesting a petitioner's inability to obtain his case file or court documents does not justify tolling the period for seeking habeas relief. *See* R. Vol. 1 at 340-41 & 343 n.8 (citing cases). We do not reach these additional issues because we deny Tunget's COA application on other grounds.

diligence." The district court held this provision did not apply because the facts supporting the claims Tunget asserted in his § 2255 motion should have been known to him when he was sentenced in 2011.[3]

Tunget does not challenge this conclusion, but essentially contends he did not recognize the significance of these facts at the time of sentencing because he was on Xanax or later because of the mental confusion he experienced during withdrawal from the medication. But even if these circumstances could overcome his undisputed knowledge of the relevant facts in 2011 (an issue we do not decide), Tunget represented in the district court that his Xanax-related mental confusion cleared no later than July 2013, more than four years before he filed his § 2255 motion. Tunget also discussed key facts underlying his § 2255 motion (such as that he pled nolo contendere instead of guilty to the state court conviction relied upon by the district court in sentencing) in the motion to reopen he filed two years before his § 2255 motion. Under these circumstances, it is not debatable that Tunget knew the facts supporting the claims he presented in his § 2255 motion more than one year before its August 2017 filing date, rendering his motion untimely under § 2255(f)(4) as well.

Tunget contends his § 2255 motion was nonetheless timely because he is entitled to equitable tolling of the statute's limitation period. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

_____

[3] Tunget's claims in his § 2255 motion revolve around facts included in his plea agreement and/or the Presentence Report that he argues were misrepresented by the government, not properly challenged by his counsel, and/or misapplied by the court in its sentencing calculations.

5

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Tunget argued below that extraordinary circumstances existed because his Xanax withdrawal symptoms prevented him from realizing he needed to file his own § 2255 motion until July 1, 2013, when he made his first record request to his former attorney, and because his attorney failed to provide those records or his case file as he later requested. But the district court held after careful analysis that even assuming Tunget's alleged withdrawal symptoms were sufficient grounds to toll the limitations period until July 1, 2013, he was not entitled to equitable tolling after this date because he failed to demonstrate he diligently pursued his claims.

Tunget argues reasonable jurists could debate this decision, citing his motion to reopen his case, filed in August 2015, and his efforts to obtain his case file as evidence that he diligently pursued his claims. But there is no evidence in the record he took any action to pursue his claims in the two years between his July 2013 document request to his former attorney and his August 2015 motion to reopen and subsequent effort to obtain his case file from her. Nor does Tunget offer any explanation for this period of inaction or explain why he did not seek all or some of the documents he wished to review from other sources, such as the district court or the U.S. Attorney's office. As a result, reasonable jurists could not debate that the district court acted within its discretion in deciding Tunget failed to diligently pursue his record requests and claims throughout the relevant period. *See United States v. Denny*, 694 F.3d 1185, 1189, 1191-92 (10th Cir. 2012) (rejecting claim that attorney's delay in forwarding case records warranted

6

equitable tolling in part because petitioner did not show he diligently tried to obtain the documents from the court or other sources). Hence, the district court's denial of equitable tolling is not debatable.

## CONCLUSION

For the reasons stated above, we deny Tunget's request for a COA and dismiss this matter. We also deny his motion to proceed IFP on appeal because he failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted). Tunget shall immediately pay the unpaid balance of the appellate filing fee.

Entered for the Court

Gregory A. Phillips
Circuit Judge