**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EUGENE CHEE, JR.,

    Defendant-Appellant.

No. 06-4074

(D.C. No. 06-CV-58-TC)
(D.C. No. 02-CR-66-TC)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

Eugene Chee, Jr., a federal prisoner appearing pro se, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The matter is before this court on Chee's request for a certificate of appealability ("COA"). Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and, as we determine that Chee has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss this matter.

Chee was convicted by a jury for aggravated sexual abuse and abusive sexual

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

contact while within Indian country. He was sentenced to two hundred and ten months of imprisonment, which reflected the trial court's application of an obstruction of justice enhancement pursuant to § 3C1.1 of the United States Sentencing Guidelines. Chee filed a direct appeal of his conviction and this court subsequently affirmed his conviction on January 28, 2004. United States v. Chee, 86 Fed. Appx. 400 (10th Cir. 2004). Chee did not file a petition for a writ of certiorari.

On January 19, 2006, Chee filed a petition under 28 U.S.C. § 2255 in federal court arguing that his sentencing enhancement was unconstitutionally imposed because he was found guilty of having obstructed justice by the sentencing judge rather than by a jury. The district court denied this petition, finding it was time-barred. Chee filed a motion with the district court seeking reconsideration or, in the alternative, to appeal the denial of his petition. The district court denied Chee's motion for reconsideration, treating the motion instead as an appeal of its denial of his § 2255 petition. Because the district court did not issue Chee a COA or state why a certificate should not issue, we deem that Chee's constructive request for a COA was denied. See United States v. Kennedy, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000) (holding that a COA is deemed denied if the district court does not address its issuance within thirty days).

Our granting of a COA is a jurisdictional prerequisite to Chee's appeal from the denial of his § 2255 petition. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

We construe Chee's appellate brief in support of his notice of appeal as additional argument in support of his application for a COA. To be entitled to a COA, Chee must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Chee must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (internal quotations omitted); see also Slack, 529 U.S. at 484-85 (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would conclude it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

To determine whether Chee has satisfied his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El, 637 U.S. at 338. Although Chee need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id. (internal quotations omitted). Having undertaken a review of Chee's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El, we conclude Chee is not entitled to a COA. For the following reasons, the district

court's resolution of Chee's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings.

First, Chee's § 2255 petition was properly denied as time-barred. For the purposes of a petition under § 2255, if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires. S.Ct. R. 13(1); United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000). Here, the one-year limitation period began to run on April 28, 2004, ninety days after we affirmed Chee's conviction on January 28, 2004. In order for Chee's § 2255 petition to be timely, it had to be filed by April 28, 2005. See 28 U.S.C. § 2255(1). As Chee's petition was not filed until January 19, 2006, it was time-barred and no reasonable jurist could conclude otherwise.

Alternatively, even assuming Chee's § 2255 petition was timely, it unquestionably fails on the merits. Chee essentially argues that Booker is not a new rule of criminal procedure and ought to be applied retroactively. Despite Chee's protestations to the contrary, Booker does indeed "represent[] a new rule," which "does not apply retroactively to criminal cases that became final before . . . January 12, 2005" and it "does not apply retroactively on collateral review." United States v. Bellamy, 411 F.3d 1182, 1184-88 (10th Cir. 2005). Because Chee's conviction was final well before that date, he may not benefit from Booker. Likewise, Chee's

-4-

next argument, that his appeal is timely because it was filed within one year of Booker, is equally unavailing. While it is true that the one year limitation period of 28 U.S.C. § 2255 runs from the date the Supreme Court recognizes a right and declares it retroactive, the Supreme Court did not declare that its holding in Booker would apply retroactively. Id. at 1188. Beyond this, Chee presents no meaningful argument that the statute of limitations in this case should be equitably tolled. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding equitable tolling available if "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Accordingly, we DENY Chee's application for a COA and DISMISS this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge