**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

      v.

KEVIN LAMONT SHULER; IRA L.
MOORE,

    Defendants-Appellees.

No. 99-1060

Appeal from United States District Court
for the District of Colorado
(D.C. No. 98-CR-193-WM)

Sean Connelly, Attorney, United States Department of Justice (Linda A. McMahan, United
States Attorney District of Colorado, with him on the briefs), Denver, Colorado, for the
appellant.

Virginia Grady, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender,
and Richard J. Banta, with her on the brief), Denver Colorado, for the appellees.

Before **TACHA**, **BARRETT**, and **BRORBY**, Circuit Judges.

**BARRETT**, Senior Circuit Judge.

    The United States of America (the Government) appeals the district court's dismissal of

Count 3 of the superceding indictment, charging Defendants, Kevin Lamont Shuler and Ira L. Moore

(collectively "Defendants"), with carrying a firearm during and in relation to a crime of violence, in

violation of 18 U.S.C. § 924(c).

Facts

On April 22, 1998, Defendants, armed with a Norinco Model T54 9mm pistol, robbed Cal's Sporting Authority and its owner, Chad Lawrence, in Englewood, Colorado. Defendants stole several firearms, including a Heckler and Koch, model MP-5A3 machine gun which had been held for local law enforcement demonstrations. It was stipulated in the district court that the stolen firearms were simply carried out of the store during the robbery and were not armed with ammunition, nor brandished or used to threaten the store owner or to otherwise effectuate the robbery. (ROA, Vol. 1, Tab 157 at 2-3.)

On October 22, 1998, a superceding indictment was returned in the District of Colorado charging Defendants with five criminal counts stemming from the armed robbery, including Count 3 carrying firearms (the machine gun and the other firearms stolen in the robbery) during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2. (ROA Vol. 1, Tab 132 at 2-3.)

On January 22, 1999, the district court granted Defendants' motions to dismiss Count 3 of the superceding indictment. (ROA Vol. 1, Tab 157.) The district court concluded that "the consecutive sentence provision of section 924(c) does not apply to the theft of firearms when those firearms were never used or intended to be used during and in relation to the theft." *Id*. at 12.

On appeal, the Government contends that the superceding indictment satisfied the plain statutory language of § 924(c) by alleging that Defendants "carried" a machine gun "during" and "in relation to" a "crime of violence" and that the district court erred in not applying the plain statutory language. The Government asserts that: (1) the court erred in distinguishing sentencing guideline

cases holding that stolen firearms are possessed "in connection with" other crimes; (2) the court erred in concluding that Defendants' crime was not covered by § 924(c) and was covered instead by other statutes; (3) the court erred in according legal significance to the fact that Defendants did not bring the machine gun from home; and (4) the court erred in invoking the rule of lenity.[1]  We review the district court's interpretation of a statute *de novo*.  *United States v. Martin*, 163 F.3d 1212, 1214 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 1791 (1999).

At the time of the offense, section 924(c) provided,

> Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, . . . and if the firearm is a machinegun, . . . to imprisonment for thirty years.

18 U.S.C. § 924(c)(1).[2]  In order to establish a violation of § 924(c), the Government must prove: (1) the Defendants committed the underlying crime of violence (robbery); (2) the Defendants "carried" a firearm;[3] and (3) the carrying of the firearm was "during and in relation to" the robbery.

---

[1]    Based on our conclusion *infra* that, under the circumstances of this case, the stolen firearms, including the machine gun, cannot satisfy the statutory requirements of 18 U.S.C. § 924(c), we will not consider these four additional allegations of error.  *Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir.) (we will not "undertake to decide issues that do not affect the outcome of a dispute") (citation omitted), *cert. denied*, 502 U.S. 878 (1991).

[2]    Section 924(c)(1) was amended in 1998 by the Criminal Use of Guns Act, Pub. L. No. 105-386, § 1(a)(1), 112 Stat. 3469 (1998), effective November 13, 1998.  Section 924(c)(1) now applies to ". . . any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, *or who, in furtherance of any such crime, possesses a firearm*, . . .."  18 U.S.C. § 924(c)(1)(A) (emphasis added).  We do not consider the effects, in any, of the new language, as the new § 924(c) did not become effective until after Defendants' robbery.

[3]    The Defendants were charged with carrying the stolen firearms.  Therefore, we are not concerned with the "use" prong.

*United States v. Lampley*, 127 F.3d 1231, 1240 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 1098 (1998). There is no dispute that armed robbery is a crime of violence, and that Defendants took possession of the stolen firearms and transported them out of the store during the robbery. *See* Appellees' Reply Brief at 5 (Defendants concede, for purposes of this appeal, the first two elements of § 924(c).); Appellant's Brief at 7-8 (Defendants "carried" the firearms "by possessing and transporting them within and outside the store" during the robbery.). The sole issue is whether the carrying of the stolen firearms, including the machine gun, was "in relation to" the robbery within the meaning of § 924(c)(1).[4]

A firearm is carried "during and in relation to" the underlying crime, when the "defendant avail[s] himself of the weapon and . . . the weapon play[s] an integral role in the [underlying offense]." *Lampley*, 127 F.3d at 1240 (quotations omitted). The Government must establish a nexus between the carriage of the firearm and the underlying offense. *See id.* at 1241 ("Mere carrying of the gun temporarily to the conspiracy is not sufficient to meet the 'during and in relation to' element."). "'To prove this necessary relation, the Government's evidence must support a finding that the defendant *intended* the weapon to be available for use during the [crime of violence].'" *United States v. Richardson*, 86 F.3d 1537, 1548 (10th Cir.) (quoting *United States v. Nicholson*, 983 F.2d 983, 990 (10th Cir. 1993) (citation omitted)), *cert. denied*, 519 U.S. 1030 (1996). *See also United States v. McRae*, 156 F.3d 708, 712 (6th Cir. 1998) ("To establish the remaining element of the offense, that the firearm was carried 'during and in relation to' a drug trafficking crime, the evidence must support a finding that the firearm furthered the purpose or effect of the crime and that

---

[4] We note that the Government phrases the issue as concerning only "whether the [D]efendants carried the *machine gun* 'in relation to' the armed robbery." Appellant's Brief at 8 (emphasis added).

its presence or involvement was not the result of coincidence.");*United States v. Payero*, 888 F.2d 928, 929 (1st Cir. 1989) ("a conviction will be sustained under [§ 924(c)(1)] if the possessor of a weapon intended to have it available for possible use during or immediately following the transaction, or it facilitated the transaction by lending courage to the possessor").

The Government contends that "there was an obvious relationship or 'nexus'" between the stolen firearms and the robbery because the firearms were the object of the robbery, i.e., the robbery would not have occurred without the stolen firearms. The Government asserts that § 924(c) properly accounts for the aggravated nature of a robbery involving a machine gun.

While it may be true that § 924(c) properly accounts for the aggravated nature of a robbery involving a machine gun, the robbery in this case did not "involve" a machine gun or any of the stolen firearms. The parties stipulated that "the Stolen Firearms and ammunition were simply transported out of the store as loot of the robbery" and that "[n]one of the Stolen Firearms were armed with ammunition, nor were they brandished or used to threaten the store owner or to otherwise effectuate the robbery." (ROA, Vol. 1, Tab 157 at 2-3.) The stolen firearms were not intended or available for use in relation to the robbery, nor did they play an integral role in the robbery. There was no possibility, however remote, that the stolen firearms at issue would facilitate the robbery. *Cf. McRae*, 156 F.3d at 712 ("rifle and drugs together and close enough to grab when the police entered the premises, supports a finding that the rifle was used or carried 'during and in relation to' the drug trafficking crime of possession with intent to distribute cocaine"); *Lampley*, 127 F.3d at 1241 (nexus existed where firearms purchased and utilized to plan and prepare for the underlying conspiracy); *Richardson*, 86 F.3d at 1549 (nexus found when defendant carried the firearm when he engaged in acts in furtherance of the drug conspiracy). Here, the only relationship between the

robbery and the stolen firearms is the that stolen firearms were the bounty or object of the robbery. We hold that this in and of itself is insufficient to satisfy the requirements of § 924(c).

**AFFIRMED**.