

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# USA v. Lloyd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1974

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lloyd" (2006). *2006 Decisions*. Paper 1093.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1093

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1974

———

UNITED STATES OF AMERICA

v.

ANTHONY MAURICE LLOYD,

<u>Appellant</u>

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00115)
District Judge: Honorable Donetta W. Ambrose

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2006

Before: RENDELL, VAN ANTWERPEN, and WEIS, <u>Circuit</u> <u>Judges</u>

(Filed May 18, 2006)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, <u>Circuit</u> <u>Judge</u>.

A jury in the Western District of Pennsylvania convicted Anthony Lloyd of

distributing less than five grams of crack in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C) and for carrying a firearm during and in relation to or possessing the firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Lloyd now appeals from that conviction, claiming his conviction was based on insufficient evidence and the jury instructions given at his trial were incorrect. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

## I.

Police officers arranged a controlled drug purchase between a confidential informant ("CI") and Lloyd. The police observed Lloyd exit his home, meet the CI, and perform a hand-to-hand buy. As Lloyd walked away, the police arrested him. One of the arresting officers felt a hard object underneath Lloyd's coat, which object the officer believed was a gun.

After Lloyd was handcuffed, one of the officers asked Lloyd whether he had anything about which the officers should be aware. Lloyd responded that he had a gun, and the police recovered a loaded gun from a shoulder holster in Lloyd's coat. Lloyd did not have a permit to carry this gun. The police also recovered one piece of crack cocaine from Lloyd.

Lloyd was then indicted for distributing less than five grams of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One) and for carrying a firearm during and in relation to his drug trafficking crime and possessing the firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)

2

(Count Two). A jury found Lloyd guilty on both counts of the indictment and he was sentenced to 84 months' incarceration.

## II.

## A.

A conviction under 18 U.S.C. § 924(c) requires proof beyond a reasonable doubt that a person committed a drug crime and either (1) used or carried a firearm during and in relation to that crime; or (2) possessed a firearm in furtherance of that drug crime. 18 U.S.C. § 924(c)(1)(A).[1] The District Court instructed the jury on both the "carry" and "possession" prongs of § 924(c), and the jury returned guilty verdicts on both.

Lloyd argues the evidence adduced at trial was insufficient to support the conclusion that he used or carried a firearm during and in relation to a drug crime or possessed a firearm in furtherance of the crime because the gun's presence was never revealed to the CI during the drug transaction. We review the sufficiency of the evidence in the light most favorable to the government following a jury verdict in its favor, United States v. Antico, 275 F.3d 245, 260 (3d Cir. 2001). This is a "heavy burden" for Lloyd. United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990).

---

[1]Congress added the "in furtherance of" language to § 924(c) in 1998 as a response to the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Before Bailey, the government could obtain a conviction under § 924(c) simply by proving the defendant used or carried the firearm in connection with a crime. The Court in Bailey vacated a § 924(c) conviction predicated on the presence of a gun locked in a trunk, concluding that "use" required active employment of the firearm. Id. at 144. Congress then responded by adding the "in furtherance of" prong to § 924(c).

**1.**

For the sake of completeness, we will address both prongs of the statute and first proceed to the "during and in relation to" component of the "carried during or in relation to" prong of § 924(c).[2] The Supreme Court has stated that a firearm carried during and in relation to a drug trafficking crime "must have some purpose or effect with respect to the drug-trafficking crime." Smith v. United States, 508 U.S. 223, 238 (1993). Thus, the carrying of a firearm is not "in relation to" a drug crime if the firearm's presence is "coincidental or entirely 'unrelated' to the crime," rather, the firearm must at least "facilitate, or have the potential of facilitating" the drug trafficking offense. Id.

Viewed in the light most favorable to the government, the evidence was sufficient for the jury to conclude the gun's presence was neither accidental nor unrelated to the drug crime. The gun was located on Lloyd's person, was loaded and easily accessible, was physically close to the drugs Lloyd purchased from the CI, and it is unlikely that the gun was present on Lloyd's person by accident. See United States v. Diaz-Boyo, 432 F.3d 1264, 1270 (11th Cir. 2005) (defendant's possession of gun "moments" after drug delivery sufficient to satisfy relational requirement of § 924(c)); United States v. Nicholson, 983 F.2d 983, 990 (10th Cir. 1990) (finding relational requirement met where

---

[2]Lloyd's placement of the firearm in a holster underneath his jacket was sufficient evidence from which the jury could conclude he "carried" the firearm. See United States v. Johnson, 108 F.3d 919, 921 (8th Cir. 1997) (firearm in pants pocket was "carried" within meaning of § 924(c)).

4

defendant carried gun and presence of gun could "ensure the success" of drug distribution activities by protecting drugs and cash).  Cases where a gun was not carried or used "during or in relation to" a crime involve guns that are physically distant from the defendant or where the guns have no connection to the underlying crime.  United States v. Shuler, 181 F.3d 1188, 1190 (10th Cir. 1999) (guns stolen during robbery of sporting goods store were not themselves used or carried "during or in relation to" robbery because stolen guns played no role in commission of robbery); United States v. Richardson, 86 F.3d 1537 (10th Cir. 1996) (no conviction where no evidence that guns were present during commission of underlying drug crime).  By contrast, Lloyd's loaded gun was easily accessible during his drug transaction with the CI, and the jury could infer the gun was present for a reason connected to that transaction.  See Nicholson, 983 F.2d at 990.  Accordingly, the jury's conclusion that Lloyd carried the gun during and in relation to the drug crime was supported by sufficient evidence.[3]

**2.**

---

[3]Lloyd relies on United States v. Theodoropolous, 866 F.2d 587 (3d Cir. 1989), for the proposition that a firearm that is merely carried in a pocket and never displayed during a crime is not used "in relation to" the crime within the meaning of § 924(c).  Id. at 597 (citing S. Rep. No. 225, 98th Cong., 2d Sess. 314 n.10 (1983)).  Theodoropolous is distinguishable from this case, however, because that aspect of Theodoropolous's discussion concerned the question whether three guns found in a trash can on a porch located outside of a defendant's apartment were "used" within the meaning of § 924(c).  Moreover, "use" is not at issue in this case because Lloyd was charged under the "carries" prong of § 924(c).  See United States v. Shuler, 181 F.3d 1188, 1190 n.3 (10th Cir. 1999) ("The Defendants were charged with carrying the stolen firearms.  Therefore, we are not concerned with the 'use' prong.").

5

The evidence was also sufficient to support a conviction under the possession "in furtherance of" prong of § 924(c). We recently addressed the meaning of "in furtherance of a crime" in United States v. Sparrow:

> "Under § 924(c), "the 'mere presence' of a gun is not enough. What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense . . . . Put another way, the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime."

371 F.3d 851, 853 (3d Cir. 2004). In making this determination, several non-exclusive factors are relevant, including "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id.

With these factors in mind and viewing the evidence in the light most favorable to the government, we are satisfied that the jury could conclude the gun was possessed "in furtherance" of the drug crime. First, Lloyd's firearm was located in a shoulder holster, which – despite Lloyd's argument to the contrary – was easily accessible to him at all times. See id. at 854 ("[e]ven assuming the firearm was not easily accessible (as [Lloyd] claims), it was strategically located. The gun was placed so it would be immediately available for [Lloyd's] protection"). Other courts of appeals have upheld § 924(c) convictions where the guns at issue were in locations less accessible than a shoulder holster. See United States v. Castillo, 406 F.3d at 806, 817 (7th Cir. 2005)

6

(basement storage area); United States v. Garner, 338 F.3d 78, 80-81 (1st Cir. 2003) (hole in wall of basement of apartment building); United States v. Luciano, 329 F.3d 1, 6 (1st Cir. 2003) (crawlspace in ceiling of apartment).

The other factors identified in Sparrow are also present. The gun was located in close proximity to the drugs Lloyd carried on his person, the gun was loaded, Lloyd did not have a valid permit for the gun, and the gun was present immediately after the drug transaction took place. Viewing this evidence in the light most favorable to the government, the jury had sufficient evidence from which to conclude the gun was carried "in furtherance of" the crime.

**B.**

Lloyd argues the jury instructions (1) should have conditioned his guilt on a finding that he intended to use the gun in the event of a contingency and (2) should have stated that if the evidence were not sufficient to meet the "during and in relation to" prong of § 924(c), the evidence necessarily did not meet the more demanding evidentiary standard of the "possession in furtherance of" prong of the statute. We exercise plenary review over the legal correctness of jury instructions, Antico, 275 F.3d at 255, while we review a refusal to give a particular instruction as well as the instructions' wording for abuse of discretion. United States v. Coyle, 63 F.3d 1239, 1245 (3d Cir. 1995). Jury instructions do not constitute reversible error so long as "taken as a whole and viewed in the light of the evidence, [the instructions] fairly and adequately submit the issues in the

7

case to the [jurors without confusing or misleading them]." <u>United States v. Simon</u>, 995 F.2d 1236, 1243 n.9 (3d Cir. 1993) (citations omitted).

**1.**

We are satisfied that the "during or in relation to" instruction, App. 261-64, was correct. The instruction was consistent with the language of <u>United States v. Williams</u>, 344 F.3d 365, 371-72 (3d Cir. 2003), in which this Court upheld a § 924(c) conviction where "the jury could have concluded that the presence of the gun was not the result of accident or coincidence, and that it had the 'potential of facilitating' the bank robbery." The jury instructions in this case do not state or imply that the mere presence of a gun without the gun also having the potential to facilitate the drug offense is sufficient to convict under the "carry" prong of § 924(c). Thus, we discern no error in the instruction.

**2.**

Citing cases from other circuits, Lloyd argues the District Court should have granted his request to inform the jury that the "possession in furtherance of" prong of § 924 has a more stringent evidentiary standard than does the "during and in relation to" prong of the statute, and that if the evidence failed to establish the "carried during and in relation to" prong of § 924(c), the evidence necessarily failed to make out the "possession in furtherance of" prong of the statute.[4]

While we have not yet taken a position on the question whether the two prongs of

---

[4]The government failed to address this argument in its brief.

8

§ 924(c) have differing evidentiary burdens, see United States v. Loney, 219 F.3d 281, 287 (3d Cir. 2000), we find that the District Court properly outlined the issue of "possession in furtherance of" to the jury and did not abuse its discretion in declining to give Lloyd's requested instruction. The jury instructions properly tracked the language of § 924(c) and listed the factors we identified in Sparrow, 371 F.3d at 853, as probative of whether a firearm is possessed "in furtherance of" a drug trafficking crime. Accordingly, we discern no abuse of discretion in the District Court's refusal to issue Lloyd's requested instruction nor legal error in the instructions as given.

### III.

For the foregoing reasons, we will affirm Lloyd's conviction and sentence.