**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR RENTERIA,

Defendant - Appellant.

No. 16-4204
(D.C. No. 2:14-CR-00275-TC-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.
_____

Hector Renteria made the mistake of selling drugs and a gun to a government informant. The informant initiated the transaction by calling Renteria and asking to buy a shotgun, an ounce of methamphetamine, and an ounce of heroin. Renteria agreed to the sale and said he would "talk to [his] guy." Aplt. App. at 17. He then called his associate, Ralph Martinez, and told Martinez "to give [the informant] the old shotgun and an ounce of meth and an ounce of heroin." Aplt. App. at 28.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Martinez did as he was told. He arranged a meeting with the informant later that day, delivered the gun and drugs, and gave the proceeds of the sale to Renteria.

A jury convicted Renteria of, among other things, aiding or abetting the carrying of a firearm during a drug trafficking crime under 18 U.S.C. § 2 and 18 U.S.C. § 924(c). Renteria argues there was insufficient evidence to convict him, but we conclude a rational juror could find the elements of the offense satisfied. We therefore affirm Renteria's conviction.

## I.

We review the sufficiency of the evidence de novo. *United States v. Pickel*, 863 F.3d 1240, 1251 (10th Cir. 2017). Viewing the evidence in the light most favorable to the prosecution, we ask whether any rational jury could have found the defendant guilty. *Id*. We will affirm unless "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (internal quotation marks omitted).

As relevant here, the elements of a § 924(c) violation are (1) using or carrying a firearm (2) during and in relation to (3) a drug trafficking crime. *See* § 924(c)(1)(A). To be liable for aiding or abetting under § 2, a defendant must (1) take an affirmative act to further the offense (2) with intent to facilitate its commission. *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014). In the § 924(c) context, the intent requirement is met when the defendant has advance knowledge that his associate will carry a gun. *Id*. at 1249.

2

**II.**

Renteria focuses on the intent requirement, arguing he could not be convicted of aiding or abetting a § 924(c) violation because there was no evidence that he knew Martinez would deliver the gun and drugs to the informant at the same time.[1] But the evidence suggests Renteria treated the gun and drugs as a package deal. He struck a deal for both items in a single phone conversation so brief the transcript barely required a second page. He then gave Martinez a single instruction to deliver the gun and drugs to the informant, which is exactly what Martinez did. Viewing this evidence in the light most favorable to the prosecution, a rational juror could conclude Renteria contemplated a single transaction for the gun and drugs, and therefore knew Martinez would deliver them to the informant at the same time.

Renteria argues there was no evidence that he specifically told Martinez to deliver them at the same time, but "[w]e have repeatedly held that circumstantial evidence may support a jury's reasonable inference of guilty knowledge by the defendant," *United States v. Rufai*, 732 F.3d 1175, 1190-91 (10th Cir. 2013) (internal quotation marks omitted). Because a rational juror could find the intent requirement

---

[1] Renteria makes a brief reference to *United States v. Shuler*, 181 F.3d 1188, 1190-91 (10th Cir. 1999), which held that firearms stolen in a robbery were not carried "in relation to" the robbery within the meaning of 18 U.S.C. § 924(c)(1). But he does not make a distinct argument on the "in relation to" element, so we consider only whether sufficient evidence supports the intent requirement. *See United States v. Valdez-Aguirre*, 861 F.3d 1164, 1166 n.3 (10th Cir. 2017) ("the perfunctory reference to [a relevant case] does not develop a distinct argument" sufficient to avoid waiver); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaints that fail to frame and develop an issue are not sufficient to invoke appellate review).

satisfied, we reject Renteria's argument that the evidence was insufficient to convict him.

## III.

We affirm Renteria's conviction.

Entered for the Court


Timothy M. Tymkovich
Chief Judge